**IN THE COURT OF APPEALS OF IOWA**

No. 19-1355
Filed October 9, 2019

**IN THE INTEREST OF R.L., D.S., B.S., and K.S.,**
**Minor Children,**

**S.S., Mother,**
        Appellant.
_____

        Appeal from the Iowa District Court for Keokuk County, Daniel Kitchen, District Associate Judge.

        A mother appeals from the termination of her parental rights. **AFFIRMED.**

        Michael S. Fisher of Fisher Law Office, Oskaloosa, for appellant mother.

        Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

        Misty White, Sigourney, guardian ad litem for minor children.

        Considered by Potterfield, P.J., Greer, J., and Gamble, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**GAMBLE, Senior Judge.**

A mother appeals from an order terminating her parental rights to four of her children pursuant to Iowa Code section 232.116(1)(b) and (e) (2019).

We review termination proceedings de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). We use a three-step process to review the termination of a parent's rights. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). First, we determine whether a ground for termination under section 232.116(1) has been established. *See id.* at 472–73. If a ground for termination has been established, then we consider "whether the best-interest framework as laid out in section 232.116(2) supports the termination of parental rights." *Id.* at 473 (citation omitted). Finally, we consider "whether any exceptions in section 232.116(3) apply to preclude termination of parental rights." *Id.* (quoting *In re M.W.*, 876 N.W.2d 212, 220 (Iowa 2016)).

The juvenile court found multiple statutory grounds authorized termination of the mother's parental rights. The mother claims there is insufficient evidence to terminate her parental rights under section 232.116(1)(b). However, she does not challenge the court's determination that section 232.116(1)(e) also authorized termination. When, as here, the juvenile court terminates on multiple statutory grounds, we may affirm on any ground. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). Because the mother does not challenge the juvenile court's determination that section 232.116(1)(e) authorized termination, we find the first step in our review satisfied. *See P.L.*, 778 N.W.2d at 40; *In re D.R.*, No. 18-1116, 2018 WL 4361087, at *1 (Iowa Ct. App. Sept. 12, 2018); *In re S.F.*, No. 15-0490, 2015 WL 3626439, at *1 (Iowa Ct. App. June 10, 2015); *In re D.H.*, No. 13-1693, 2014 WL 250256, at *1 (Iowa Ct. Ap. Jan. 23, 2014).

Next, we consider whether termination is in the children's best interests. The mother contends termination is not in the children's best interests.[1] In considering the best interests of children, we "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." *P.L.*, 778 N.W.2d at 40 (quoting Iowa Code § 232.116(2)). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.* at 41.

Termination is in the children's best interests. We defer to the juvenile court's factual findings and need not repeat them here. *See In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) (noting we give weight to the juvenile court's factual findings). Those findings indicate the mother's life is characterized by unrehabilitated drug addiction, chronic mental illness, inability to seek necessary medical care, periodic incarceration, and unproductive visitation with the children. *Cf. In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006) ("When making this decision, we look to the parents' past performance because it may indicate the quality of care the parent is capable

---

[1] To the extent the mother also argues the children's best interests necessitate additional time to work toward reunification, she is misguided. She cannot request additional time to work toward reunification for the first time on appeal. *See In re A.U.*, No. 13-0599, 2013 WL 2646971, at *3 (Iowa Ct. App. June 12, 2013) (explaining traditional error-preservation rules apply to termination-of-parental-rights proceedings). Moreover, additional time is only granted when the parent can "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child[ren] from the child[ren]'s home will no longer exist." Iowa Code § 232.104(2)(b). Here, the mother provides no basis to believe anything will change in the future.

of providing in the future." (quoting *In re C.K.*, 558 N.W.2d 170, 172 (Iowa 1997))). She has taken no steps to address these issues and has refused social services aimed at family reunification. Moreover, their grandmother is interested in adopting them and has taken steps to do so.[2] *See* Iowa Code § 232.116(2)(b) (noting the juvenile court may consider a placement's willingness to permanently integrate the children into the family). Termination would free the children for adoption by their grandmother and provide them with a critical sense of permanency and security.

We end our review by noting the mother does not allege any of the exceptions in section 232.116(3) apply. *See A.S.*, 906 N.W.2d at 476 ("[O]nce the State has proven a ground for termination, the parent resisting termination bears the burden to establish an exception to termination under Iowa Code section 232.116(3)(a)."). Accordingly, we find none of the exceptions of section 232.116(3) apply.

We affirm the juvenile court's decision terminating the mother's parental rights.

**AFFIRMED.**

---

[2] The maternal grandmother has provided care for the children throughout their lives. The Iowa Department of Human Services placed the children in the grandmother's care following their removal from the mother.